Joanna A. Diakos (JD 7269)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York  10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Plaintiff Microsoft Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MICROSOFT CORPORATION,

                    Plaintiff,

     -against-

KEVIN CODY,

                  Defendant.

------------------------------------------------------------X

**RECEIVED**
SEP 1 1 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**JUDGE SCHEINDLIN**

**07 CIV 7963**

Civil Action No. _____

**COMPLAINT**

Plaintiff Microsoft Corporation ("Microsoft"), by its undersigned attorneys, Kirkpatrick

& Lockhart Preston Gates Ellis LLP, for its Complaint against Kevin Cody ("Defendant")

alleges as follows:

## I.      JURISDICTION AND VENUE

1.     This is a complaint for an injunction, damages and other appropriate relief to stop

Defendant from infringing Microsoft's trade and service marks by registering Internet domain

names that are identical or confusingly similar to Microsoft's trademarks and service marks, and

by using those domain names in bad faith to profit from Microsoft's marks.

2.     In this action, Microsoft asserts violations of the Anticybersquatting Consumer

Protection Act, 15 U.S.C. § 1125(d); of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §

1114(1) (Trademark Infringement); 15 U.S.C. §1125(a) (False Designation of Origin, Unfair

Competition/False Advertising); of New York statutory deceptive acts and practices law (General Business Law § 349); and of New York common law (trademark infringement and unfair competition).

3.      This court has subject matter jurisdiction over Microsoft's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4.      This court has supplemental jurisdiction over the claims in this Complaint that arise under the common law and the statutory law of the state of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      This court has personal jurisdiction over Defendant who has: (a) committed intentional and tortious acts within the state; (b) conducted substantial business within this state related to the unlawful activity at issue in this Complaint; and (c) resides within this state.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendant resides within this judicial district, conducts substantial business within this judicial district related to the unlawful activity at issue in this Complaint and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II.      THE PARTIES

7.      Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

8.      Upon information and belief, Defendant Kevin Cody is an individual residing at 3489 Fort Independence Street, Bronx, N.Y. 10463.

### III.    MICROSOFT'S BUSINESS AND TRADEMARKS

9.    Microsoft is a world leader in the market for software and related products. Microsoft offers a wide range of products and services, including but not limited to computer software such as the Microsoft Windows operating system and Microsoft Office; computer hardware and accessories including keyboards and mice; gaming systems such as the Microsoft XBOX and Microsoft XBOX 360; and Internet service and electronic mail services such as the MSN and Windows Live Hotmail services, to name a few.

10.    Microsoft owns registrations for a number of trademarks and service marks that it uses to identify its products and services in the marketplace.  Among the marks owned by Microsoft are the following registered marks (collectively the "Microsoft Marks"): MICROSOFT, ACCESS, EXCEL, OUTLOOK, and POWERPOINT.

11.    Since at least November 12, 1975, Microsoft has used, in commerce, the trademark and service mark "MICROSOFT" to promote its products and services.

12.    On October 22, 1979, Microsoft's predecessor applied for the registration of the MICROSOFT trademark and service mark.  United States Trademark Registration No. 1,200,236 was issued on July 6, 1982. The MICROSOFT trademark and service mark is also the subject of United States Trademark Registration Nos. 1,966,382, 2,250,973, and 2,285,870. *See* Exhibit A. Microsoft's MICROSOFT trademark and service mark is broadly recognized as identifying plaintiff Microsoft and its various products and services.

13.    Since at least November 1992, Microsoft has used, in commerce, the trademark "ACCESS" to promote to promote general-purpose computer database software.

14.    On February 2, 2005, Microsoft applied for the registration of the ACCESS trademark.  United States Trademark Registration No. 3,238,869 was issued on May 8, 2007.

*See* Exhibit B. The ACCESS trademark is broadly recognized as a brand identifier for general-purpose computer database software and related products.

15.    Since at least September 30, 1985, Microsoft has used, in commerce, the trademark "EXCEL" to promote spreadsheet software and related products.

16.    On April 12, 2004, Microsoft applied for the registration of the EXCEL trademark. United States Trademark Registration No. 2,942,050 was issued on April 19, 2005. *See* Exhibit C. The EXCEL trademark is broadly recognized as a brand identifier for Microsoft's spreadsheet software and related products.

17.    Since at least January 1, 1997, Microsoft has used, in commerce, the trademark "OUTLOOK" to promote computer software and electronic communications services.

18.    On February 5, 1996, Microsoft applied for the registration of the OUTLOOK trademark. United States Trademark Registration No. 2,188,125 was issued on September 8, 1998. *See* Exhibit D. The OUTLOOK trademark is broadly recognized as a brand identifier for Microsoft's computer software and electronic communications services.

19.    Since at least April 20, 1987, Microsoft has used, in commerce, the trademark "POWERPOINT" to promote computer software.

20.    On June 29, 1987, Microsoft applied for the registration of the POWERPOINT trademark. United States Trademark Registration No. 1,475,795 was issued on February 9, 1988. *See* Exhibit E. The POWERPOINT trademark is broadly recognized as a brand identifier for Microsoft's computer software.

21.    The Microsoft Marks, as well as others owned by Microsoft, are used in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Microsoft's products and services. The Microsoft Marks are distinctive and were distinctive at

the time of all acts alleged herein.  As a result of Microsoft's substantial investment, the Microsoft Marks have developed extensive goodwill in the market.  Accordingly, the Microsoft Marks are extremely valuable to Microsoft.

## IV.    MICROSOFT'S INTERNET PRESENCE

22.    Microsoft also maintains a substantial presence on the Internet.  Via the Internet, Microsoft advertises its products and services, transacts business with its customers, offers its customers access to many of its services, and provides product support, among other things.

23.    In order to provide its customers with easy access to its online products and services, Microsoft has registered a number of Internet domain names.  Many of these domain names correspond to Microsoft's trademarks and service marks.  Examples of such domain names are <microsoft.com>; <microsoftwindows.com>; <xbox.com>; <msn.com>.

24.    Each of these domain names, as well as others registered to Microsoft, resolves to a Microsoft-created website that provides Microsoft's customers with information related to Microsoft's products and services.  These websites generate business for Microsoft and allow Microsoft to maintain relationships with its customers.

## V.    DEFENDANT'S UNLAWFUL ACTIONS

25.    Upon information and belief, Defendant has registered, is currently the registrant of, and continues to register and/or use numerous Internet domain names that contain or consist of Microsoft Marks and/or intentional misspellings of the Microsoft Marks ("Infringing Domain Names").  A representative, though not exhaustive, list of 48 Infringing Domain Names is attached to this Complaint as **Appendix A.**

26.    The Infringing Domain Names are identical or confusingly similar to Microsoft's marks.  The Infringing Domain Names do not resolve to websites owned or endorsed by

Microsoft.

27.    Many of the Infringing Domain Names resolve to websites that are controlled by Defendant. Many of these website display advertisements and/or hyperlinks featuring goods or services that are directly competitive with Microsoft products and services.

28.    Upon information and belief, when a person looking for a Microsoft website lands on one of Defendant's websites, that person may click on one of the advertisements or hyperlinks on the site either because the person finds it easier to click on the advertisement or hyperlink than to continue searching for the Microsoft site, or because the person mistakenly believes Microsoft has authorized or endorsed the advertisements or hyperlinks. In either case, the person has been diverted from the Microsoft website he or she was seeking to visit, and Microsoft has lost the opportunity to interact with that person.

29.    Upon information and belief, Defendant is registering and/or using the Infringing Domain Names to profit from the Microsoft Marks.

30.    Defendant is not affiliated with, or sponsored by, Microsoft and has not been authorized by Microsoft to use the Microsoft Marks. Defendant has not now or ever been authorized by Plaintiff to use or register any name or mark that includes the Marks.

31.    Upon information and belief, Defendant's registration and/or use of the Infringing Domain Names is primarily to capitalize on the goodwill associated with the Microsoft Marks.

### FIRST CLAIM FOR RELIEF
**Cybersquatting under the Anticybersquatting Consumer Protection Act –
15 U.S.C. § 1125(d)**

32.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 31 above.

33.    The Microsoft Marks were distinctive at the time Defendant registered the

Infringing Domain Names and remain distinctive today.

34.    The Infringing Domain Names were identical or confusingly similar to the Microsoft Marks at the time Defendant registered the Infringing Domain Names, and remain so today.

35.    Defendant has registered and used the Infringing Domain Names with bad faith intent to profit from the goodwill established by Microsoft in the Microsoft Marks.

36.    Defendant's registration and use of the Infringing Domain Names has caused and will continue to cause damage to Microsoft, in an amount to be proved at trial, and is causing irreparable harm to Microsoft, for which there is no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief.

37.    Microsoft is entitled to recover Defendant's profits, actual damages and costs in an amount to be proven at trial or statutory damages of up to $100,000 per domain name, treble damages, attorneys' fees and transfer of the Infringing Domain Names to Microsoft.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement under the Lanham Act - 15 U.S.C. § 1114

38.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37 above.

39.    Defendant's wrongful and unauthorized use of the Microsoft Marks and counterfeits of the Microsoft Marks to promote, market, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

40.    Defendant's intentional and willful infringement of the Microsoft Marks has caused and will continue to cause damage to Microsoft, in an amount to be proved at trial, and is causing irreparable harm to Microsoft for which there is no adequate remedy at law.

41.    Microsoft is entitled to recover damages and to recover its costs herein in an amount to be proven at trial.  Microsoft also is entitled to injunctive relief against Defendant.

42.    Microsoft further is entitled to recovery of statutory damages, treble damages and attorney fees.

## THIRD CLAIM FOR RELIEF

### False Designation of Origin in Violation of the Lanham Act - 15 U.S.C. § 1125(a)

43.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42 above.

44.    The Microsoft Marks are distinctive marks that are associated with Microsoft and exclusively identify Microsoft's business, products, and services.

45.    Defendant has used and continues to use the Microsoft Marks in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services.

46.    Microsoft has been damaged by these acts in an amount to be proved at trial. Microsoft is also entitled to injunctive and other equitable relief against Defendants.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition/False Advertising Under the Lanham Act - 15 U.S.C. § 1125(a)

47.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46 above.

48.    Defendant has used and continues to use the Microsoft Marks in connection with goods or services with false and misleading descriptions or representations of fact in commercial advertising or promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another person's goods, services, or commercial activities.

49.    Microsoft is entitled to damages in an amount to be proved at trial and attorneys' fees. Microsoft is also entitled to injunctive relief and other equitable relief against Defendants.

### FIFTH CLAIM FOR RELIEF
**Deceptive Acts and Practices - General Business Law § 349**

50.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49 above.

51.    By reason of the acts and practices set forth above, Defendant has been and is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods or service, in violation of Section 349 of the New York General Business Law.

52.    The acts and conduct of Defendant are misleading and are likely to cause confusion among customers as to the origin or association of Defendant's infringing Domain Names with Microsoft software and/or components.

53.    The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

54.    Unless enjoined by the Court, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to Microsoft.

55.    Microsoft has no adequate remedy at law.

56.    Microsoft is entitled to injunctive and equitable relief, three times its actual damages, and attorney fees against Defendant.

### SIXTH CLAIM FOR RELIEF
**Common Law Trademark Infringement**

57.    Microsoft realleges and incorporates by this reference each and every allegation

set forth in paragraphs 1 through 56 above.

58.    Defendant's use of Microsoft Marks is likely to cause confusion, mistake or deception about the source of Defendant's products and services.

59.    Defendant's actions constitute trademark infringement, imitation and misappropriation of the Microsoft trademarks in violation of the common law of New York.

60.    Defendant's actions have caused and will continue to cause damage to Microsoft, in an amount to be proved at trial, and are causing irreparable harm to Microsoft for which there is no adequate remedy at law.

61.    Microsoft is entitled to recover damages in an amount to be proven at trial. Microsoft is also entitled to injunctive relief against Defendant.

### SEVENTH CLAIM FOR RELIEF
#### Common Law Unfair Competition

62.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61 above.

63.    The acts and conduct of Defendant as alleged above in this Complaint constitute intentional and willful unfair competition pursuant to the common law of New York.

64.    Defendant's use of the Microsoft Marks has infringed on their distinctive features in a manner that creates, upon information and belief, actual confusion or a likelihood of confusion, in the public mind.

65.    Defendant's conduct has caused and will continue to cause damage to Microsoft and is causing irreparable harm to Microsoft for which there is no adequate remedy at law.

66.    Microsoft is entitled to recover damages and to recover its costs herein in an amount to be proven at trial. Microsoft also is entitled to injunctive relief against Defendant.

- 10 -

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendant as follows:

1.      That the Court issue temporary and permanent injunctive relief against Defendant and that Defendant, his officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from:

a)      infringing Microsoft's trademarks and service marks;

b)      registering, using or trafficking any domain names that are identical or confusingly similar to the Microsoft Marks, including but not limited to domain names containing the Microsoft Marks and domain names containing misspellings of the Microsoft Marks; and

c)      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a) through b) above;

2.      That the Court order the forfeiture or cancellation of the Infringing Domain Names and the transfer of the Infringing Domain Names to Microsoft;

3.      That the Court award Microsoft actual damages and statutory damages, in amount to be proven at trial;

4.      That the Court award Microsoft treble damages in an amount to be proven at trial;

5.      That the Court award Microsoft its attorney fees and costs incurred herein; and

6.    That the Court grant Microsoft all other relief to which it is entitled and such

other or additional relief as is just and proper under these circumstances.

Dated:  New York, New York
        September 11, 2007

Respectfully submitted,

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By: _____
Joanna A. Diakos  (JD 7269)
599 Lexington Avenue
New York, New York 10022
Tel.:  (212) 536-3900
Fax:  (212) 536-3901

*Attorneys for Plaintiff Microsoft Corporation*

**APPENDIX A**

microsoftexcel2007.biz
microsoftexcel2007.com
microsoftexcel2007.info
microsoftexcel2007.net
microsoftexcel2007.org
microsoftexcel2007.us
microsoftoffice2007.info
microsoftoffice2007.us
microsoftoutlook2007.biz
microsoftoutlook2007.com
microsoftoutlook2007.info
microsoftoutlook2007.net
microsoftoutlook2007.org
microsoftoutlook2007.us
microsoftpowerpoint2007.biz
microsoftpowerpoint2007.info
microsoftpowerpoint2007.net
microsoftpowerpoint2007.org
microsoftpowerpoint2007.us
microsoftword2007.biz
microsoftword2007.com
microsoftword2007.info
microsoftword2007.net
microsoftword2007.org
microsoftword2007.us
msaccess2007.biz
msaccess2007.info
msaccess2007.net
msaccess2007.org
msaccess2007.us
msexcel2007.biz
msexcel2007.com
msexcel2007.info
msexcel2007.net
msexcel2007.org
msexcel2007.us
msoutlook2007.biz
msoutlook2007.com
msoutlook2007.info
msoutlook2007.net
msoutlook2007.org
msoutlook2007.us
mspowerpoint2007.biz
mspowerpoint2007.com
mspowerpoint2007.info
mspowerpoint2007.net
mspowerpoint2007.org
mspowerpoint2007.us

Exhibit A

### Certificate of Correction

Registered July 6, 1982                    Registration No. 1,200,236

Microsoft Corporation, by change of name and assignment from Microsoft

It is hereby certified that the above identified registration is in error requiring correction as follows:

In the statement, column 1, before line 1, *Microsoft Corporation (Washington corporation), 10700 Northup Way, Bellevue, Wash. 98004, by change of name and assignment from* should be inserted.

The said registration should be read as corrected above.

Signed and sealed this 3rd day of April 1984.

[SEAL]

Attest:

MICHAEL J. HYNAK,
*Attesting Officer.*

GERALD J. MOSSINGHOFF,
*Commissioner of Patents and Trademarks.*

Int. Cls.: 9 and 42

Prior U.S. Cls.: 26, 38 and 101

## United States Patent and Trademark Office

Reg. No. 1,200,236
Registered Jul. 6, 1982

### TRADEMARK
### SERVICE MARK
#### Principal Register

## MICROSOFT

Microsoft (partnership)
Suite 819
10800 NE. 8th
Bellevue, Wash. 98004

For: COMPUTER PROGRAMS, in CLASS 9 (U.S. Cls. 26 and 38).
First use Nov. 12, 1975; in commerce Nov. 12, 1975.
For: COMPUTER PROGRAMMING SER-
VICES, in CLASS 42 (U.S. Cl. 101)
First use Nov. 12, 1975; in commerce Nov. 12, 1975

Ser. No. 236,080, filed Oct. 22, 1979.

B. H. VERTIZ, Primary Examiner

CHERYL LYNNE HENDERSON, Examiner

Int. Cl.: 38

Prior U.S. Cls.: 100, 101 and 104

## United States Patent and Trademark Office

Reg. No. 1,966,382
Registered Apr. 9, 1996

### SERVICE MARK
PRINCIPAL REGISTER

## MICROSOFT

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: TELECOMMUNICATIONS SERVICES, NAMELY THE RECEIPT AND DELIVERY OF MESSAGES, DOCUMENTS AND OTHER DATA BY ELECTRONIC TRANSMISSION, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 3-24-1987; IN COMMERCE 3-24-1987.

OWNER OF U.S. REG. NOS. 1,200,236, 1,731,160 AND OTHERS.

SER. NO. 74-590,997, FILED 10-26-1994.

PAUL KRUSE, EXAMINING ATTORNEY

Int. Cl.: 38

Prior U.S. Cls.: 100, 101 and 104

**United States Patent and Trademark Office**

Reg. No. 2,250,973

Registered June 8, 1999

## SERVICE MARK
### PRINCIPAL REGISTER

## MICROSOFT

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: TELECOMMUNICATION SERVICES, NAMELY, THE RECEIPT AND DELIVERY OF MESSAGES, DOCUMENTS, IMAGES AND OTHER DATA BY ELECTRONIC TRANSMISSION; ELECTRONIC MAIL SERVICES; PROVIDING BULLETIN BOARD SERVICES AND CHAT SERVICES BY MEANS OF GLOBAL COMMUNICATION NETWORKS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 3-7-1995; IN COMMERCE 3-7-1995.

OWNER OF U.S. REG. NOS. 1,200,236, 1,673,353 AND OTHERS.

SER. NO. 75-358,289, FILED 9-17-1997.

G. T. GLYNN, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 2,285,870

Registered Oct. 12, 1999

### TRADEMARK
PRINCIPAL REGISTER

## MICROSOFT

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTER PROGRAMS FOR USE IN AUTOMOBILES, NAMELY, COMPUTER PROGRAMS FOR MONITORING AUTOMOBILE PERFORMANCE, FOR MAPPING AND NAVIGATION, FOR ELECTRONIC MAIL AND WIRELESS COMMUNICATION, FOR MAINTAINING PERSONAL DIRECTORIES, CONTACT LISTS, ADDRESS AND TELEPHONE NUMBER LISTS; OPERATING SYSTEM PROGRAMS AND UTILITIES; COMPUTER PROGRAMS FOR USE IN THE DEVELOPMENT OF OTHER PROGRAMS FOR USE IN AUTOMOBILE COMPUTERS; AND COMPUTER PROGRAMS FOR PROVIDING ENTERTAINMENT, TRAFFIC INFORMATION, NEWS AND OTHER INFORMATION; COMPUTER PROGRAMS FOR WALLET-SIZED PERSONAL COMPUTERS, NAMELY, PERSONAL INFORMATION MANAGER PROGRAMS WITH CALENDARS, CONTACT INFORMATION FILES AND TO DO LISTS; NOTE TAKING PROGRAMS; PROGRAMS FOR FACILITATING VOICE, TEXT AND PEN INPUT; ELECTRONIC MAIL PROGRAM; ACCESS PROGRAMS FOR GLOBAL COMMUNICATION NETWORKS; PROGRAMS FOR WIRELESS COMMUNICATIONS; OPERATING SYSTEM PROGRAMS AND UTILITIES; COMPUTER PROGRAMS FOR USE IN DEVELOPING OTHER PROGRAMS FOR USE ON WALLET-SIZED PERSONAL COMPUTERS; COMPUTER PROGRAMS FOR USE WITH PHONES AND PAGERS; COMPUTER PROGRAMS FOR ACCESSING GLOBAL COMMUNICATION NETWORKS AND DISPLAYING CONTENT THEREFROM; COMPUTER PROGRAMS FOR ELECTRONIC PAGERS AND ELECTRONIC PAGER MODULES, NAMELY, OPERATING SYSTEM PROGRAMS AND UTILITIES; COMPUTER PROGRAMS FOR PROVIDING PAGING AND WIRELESS COMMUNICATION FUNCTIONS; COMPUTER PROGRAMS FOR USE WITH HAND-HELD COMPUTERS, NAMELY, OPERATING SYSTEM AND UTILITY PROGRAMS; A FULL LINE OF BUSINESS APPLICATION PROGRAMS FOR USE WITH HAND-HELD COMPUTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-0-1980; IN COMMERCE 12-0-1981.

OWNER OF U.S. REG. NOS. 1,966,382, 2,042,216, AND OTHERS.

SN 75-180,620, FILED 10-10-1996.

HENRY S. ZAK, EXAMINING ATTORNEY

Exhibit B

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,238,869
Registered May 8, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# ACCESS

MICROSOFT CORPORATION (WASHINGTON CORPORATION)

ONE MICROSOFT WAY

REDMOND, WA 980526399

FOR: GENERAL PURPOSE COMPUTER DATA-BASE SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-0-1992; IN COMMERCE 11-0-1992.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,739,829, 1,741,086, AND 2,254,102.

SEC. 2(F).

SER. NO. 78-559,056, FILED 2-2-2005.

ANNE E. GUSTASON, EXAMINING ATTORNEY

Exhibit C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 2,942,050
Registered Apr. 19, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# EXCEL

MICROSOFT CORPORATION (WASHINGTON
CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTER SOFTWARE, NAMELY,
SPREADSHEET SOFTWARE; AND COMPUTER
PROGRAMS FOR CREATING CHARTS AND
GRAPHS FROM ELECTRONIC SPREADSHEETS,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-30-1985; IN COMMERCE 9-30-1985.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-400,429, FILED 4-12-2004.

WON TEAK OH, EXAMINING ATTORNEY

Exhibit D

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,188,125

## United States Patent and Trademark Office

Registered Sep. 8, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## OUTLOOK

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTER PROGRAMS FOR PRO-VIDING ENHANCED ELECTRONIC MAIL AND SCHEDULING CAPABILITIES, FOR USE BY INDIVIDUAL COMPUTER USERS, NAMELY, COMPUTER PROGRAMS FOR MAN-AGING, VIEWING, AND EDITING FILES, DOCUMENTS, ELECTRONIC MAIL MES-SAGES AND PRIVATE NETWORK AND GLOBAL COMPUTER NETWORK COMMUNI-CATIONS; COMPUTER PROGRAMS FOR MEETING AND EVENT SCHEDULING, MAN-AGING GROUP CALENDARS, TASK DELE-GATION AND REPORTING, RECORDING NOTES, TRANSFERRING DATA TO AND FROM DATA BASES AND TO AND FROM COMPUTER PROGRAMS AND COMPUTER FILES; ADDRESS BOOK PROGRAMS, TELE-PHONE DIALING PROGRAMS, PROGRAMS FOR CORRECTING TYPOGRAPHICAL AND CAPITALIZATION ERRORS, PROGRAMS FOR TALLYING VOTING RESPONSES; AND IN-STRUCTION MANUALS THEREFOR SOLD AS A UNIT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-1-1997; IN COMMERCE 1-1-1997.

SN 75-053,439, FILED 2-5-1996.

FRANCES G. SMITH, EXAMINING ATTOR-NEY

Exhibit E



Int. Cl.: 9

Prior U.S. Cl.: 38

Reg. No. 1,475,795
d Feb. 9, 1988

Int. Cl.: 9

Prior U.S. Cl.: 38

**United States Patent and Trademark Office**
Corrected

Reg. No. 1,475,795
Registered Feb. 9, 1988
OG Date June 28, 1988

## TRADEMARK
## PRINCIPAL REGISTER

### POWERPOINT

COMMERC

987.

INING ATTC

MICROSOFT CORPORATION (DELA-
WARE CORPORATION)
BOX 97017
16011 NE WAY
RODMOND, WA 930739717, ASSIGNEE
OF FORETHOUGHT, INC. (CALIFOR-
NIA CORPORATION) SUNNYVALE,
CA

FOR: PRERECORDED COMPUTER
PROGRAMS RECORDED ON MAGNET-
IC DISKS, IN CLASS 9 (U.S. CL. 38).

FIRST USE 4-20-1987; IN COMMERCE
4-20-1987.

SER. NO. 669,735, FILED 6-29-1987.



*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on June 28, 1988.*

COMMISSIONER OF PATENTS AND TRADEMARKS